**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
Email: nick@wajdalawgroup.com
Attorney for the Plaintiff

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA FOULK AND JAMES FOULK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>DIAMOND RESORTS HOLDINGS, LLC D/B/A DIAMOND RESORTS ALSO D/B/A DIAMOND RESORTS INTERNATIONAL; DIAMOND RESORTS FINANCIAL SERVICES, INC.; AND MONARCH GRAND VACATION OWNERS ASSOCIATION<br><br>Defendants. | Case No.: **'20CV1876 MMA BLM**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*:**<br><br>2. **VIOLATION OF THE FAIR DEBT COLLECTION ACT, CAL. CIV. CODE 1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT – CLASS ACTION

NOW comes LAURA FOULK AND JAMES FOULK ("Plaintiffs"), individually and on behalf of all others similarly situated by and through their attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of DIAMOND RESORTS HOLDINGS, LLC D/B/A

DIAMOND RESORTS ALSO D/B/A DIAMOND RESORTS INTERNATIONAL; DIAMOND FINANCIAL SERVICES, INC.; and MONARCH GRAND VACATION OWNERS ASSOCIATION ("Defendants") as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collections Practices Act, ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendants' unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business within, and a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred within the Southern District of California.

## PARTIES

4. Plaintiff, Laura Foulk is an adult female consumer presently residing at 1951 Carrizo Gorge Road, #W91, Jacumba, California, which is located within the Southern District of California.

5. Plaintiff, Laura Foulk is a natural "person" as defined by 47 U.S.C. §153(39).

6. Plaintiff, James Foulk is an adult male consumer presently residing at 1951 Carrizo Gorge Road, #W91, Jacumba, California, which is located within the Southern District of California.

7. Plaintiff, James Foulk is a natural "person" as defined by 47 U.S.C. §153(39).

8. Defendant, Diamonds Resorts Holdings, LLC, d/b/a Diamond Resorts also d/b/a Diamond Resorts International (hereinafter "Diamond") is a time share company, headquartered in Las Vegas, Nevada, with regional offices in Orlando, Florida and Lancaster, United Kingdom. According to its Wikipedia page, the company has a network of 379 vacation destinations in 35 countries around the world and sells vacation ownership points. Upon information and belief, the company is licensed to do business in the Southern District of California.

9. Defendant Diamond is a "person" as defined by 47 U.S.C. §153(39).

10. Defendant, Diamond Resorts Financial Services, Inc. (hereinafter "DRFS") is a Nevada corporation and one of a number of companies organized under the Diamond Resorts umbrella.

11. Defendant DRFS is a "person" as defined by U.S.C. §153(39).

12. Defendant Monarch Grand Vacation Owners Association (hereinafter "Monarch") is time-share ownership association organized under the umbrella the Diamond organization. It uses a a mailing address located in the State of Florida.

13. Defendant Monarch is a "person" as defined by U.S.C. §153(39).

14. Each Defendant is a "debt collector" as defined by U.S.C. §1692(a)(6) as they attempt to collect debts that were purchased while the debts were already in default and/or they collect debts under a different name indicating they are collecting debts for another.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

16. The instant action arises out of Defendants' attempts to collect upon various outstanding consumer mortgage payment obligation ("subject consumer debt"), which defendants claim is owed by the Plaintiff.

17. The subject consumer debt stems from a time-share agreement Plaintiffs entered into with a company known as Pacific Monarch Resorts, Inc. sometime in 2005 or 2006.

18. In 2007, Plaintiffs advised Pacific Monarch Resorts, Inc. they were experiencing financial difficulties and could no longer afford the timeshare property.

19. Unfortunately, due to those stated numerous financial difficulties, Plaintiffs were forced to file for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Southern District of California under docket number 07-06189 on October 31, 2007. The debt owed to Pacific Monarch Resorts was listed in Plaintiff's schedules and valued at $2,250.00.

20. The Plaintiffs obtained an Order of Discharge from the Bankruptcy Court on February 5, 2008 and the case was closed on February 8, 2008.

21. Plaintiffs do not recall Pacific Monarch Resorts, Inc. making any further attempts to collect on the debt after the discharge order was issued by the Bankruptcy Court.

22. In or about, October of 2011, Diamond purchased Pacific Monarch Resorts, Inc.

23. Upon information and belief, Plaintiffs' account was included as part of the sale.

25. From at least 2011 through January of 2020, upon information and belief, no activity occurred on the account.

26. Beginning in January, 2020, Diamond, through DRFS, began sending invoices to Plaintiffs stating $21,486.96 was due from April 9, 2011 under account number 000022472838.

27. On or about August 25, 2020, Monarch, as agent for Diamond, sent an invoice to Plaintiffs, under account number 16382480, for 4th quarter 2020 assessment fees, in the amount of $161.08 and for 2020 4th quarter Monarch Club Connection fees in the amount of $60.00. The description also stated the beginning balance was $0.00.

28. However, the payment coupon attached to the invoice description, demanded payment in the amount of $10,753.13 with no further explanation provided.

29. Section 336(a) of the California Code of Civil Procedure states the time of commencing a lawsuit for the recovery of real property is six (6) years. Section 337 of the California Civil Code states the time of commencing a lawsuit pursuant to a contractual obligation is four (4) years.

30. Not only are Defendants' invoices attempts to collect debts subject to a Bankruptcy Court's discharge provisions, and attempts to collect amounts neither properly explained or accounted for, but are attempts to collect debts that are beyond the Statute of Limitations as set forth in the State of California.

31. Defendants' invoices fail to inform the Plaintiffs, as consumers, they cannot be sued for the collection of said alleged debts and therefore are legally unenforceable.

32. Defendant's invoices are also deceptive in that they fail to inform the Plaintiff consumers that a payment on the debt could restart the Statute of Limitations.

33. Defendant's invoices intentionally deceived Plaintiffs into believing they were still personally liable for a debt, for which in reality is legally unenforceable.

34. Defendants' actions were deceptive, unfair, misleading and inappropriate.

35. Plaintiffs have suffered financial loss including expending costs and assets in dealing with Defendants' conduct.

36. Plaintiffs have further suffered a violation of their state and federally protected substantive interests as a result of Defendants' conduct.

37. Plaintiffs have also suffered severe emotional and physical distress as a result of Defendants' conduct.

38. Plaintiffs further believe Defendants' conduct is part of a scheme or practice to deceive other consumers similarly situated as themselves.

## **COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiffs are "consumers" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

41. Upon information and belief Defendants are "debt collectors" as defined by §1692a(6) of the FDCPA, because it purchased debts already in default from another, and/or it uses different names which gives the consumer the impression they collecting debts for another and/or it regularly uses the mail and/or the telephone to collect or attempt to collect, delinquent consumer accounts.

42. Defendants, as part of its regular business, is engaged in the regular collection or attempt to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of its business.

43. The subject debt is a "debt" as defined by FDCPA 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.     Violations of the FDCPA §1692e

44. §1692e of the FDCPA, prohibits debt collectors from taking actions that cannot be legally taken in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt (15 U.S.C. § 1692e(5).)

45. In this instance, to varying degrees, as stated above, not only are Defendants' invoices attempts to collect debts subject to a Bankruptcy Court's discharge provisions, and attempts to collect amounts neither properly explained or accounted for, but are attempts to collect debts that are beyond the Statute of Limitations as set forth in the State of California.

46. By sending invoices for debts that were time-barred under California Law, Defendants violated §1692e of the FDCPA.

47. Defendants' violation of §1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k.

### b. Violations of the FDCPA §1692f

48. 15 U.S.C. §1692f, prohibits a debt collector from using "any unfair or unconscionable means to collect or attempt to collect a debt."

49. Defendants, by attempting to collect time-barred debts, used unfair or unconscionable means to collect a debt in violation of §1692f of the FDCPA.

50. Defendants' violation of §1692f of the FDCPA renders them liable actual and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiffs, LAURA FOULK AND JAMES FOULK, respectfully requests this Honorable Court enter judgment in their favor as follows:

a. Declaring the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding each Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs their actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs their costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiffs restate and reallege paragraphs 1 through 50 as though fully set forth herein.

52. Plaintiffs are "persons" as defined by Cal. Civ. Code §1788.2(g).

53. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civil Code §1788.2(d) and (f).

54. Defendant is a debt collector as defined by Cal. Civil Code §1788.2(c).

  a. **Violations of RFDCPA §1788.17**

55. The RFDCPA, pursuant to Cal. Civ. Code §1788.17 states "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692(k) of Title 15 of the United States Code."

56. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendants violated 1788.17; and 15 U.S.C. §§1692e and f of the FDCPA. Defendants engaged in deceptive and noncompliant conduct in its attempts to collect time-barred debts from Plaintiffs, which could not be legally enforced, in violation of the RFDCPA.

57. Defendants willfully and knowingly violated the RFDCPA. Defendants' willful and knowing violations of the FDCPA should trigger this Honorable Court ability to award Plaintiffs each statutory damages of to $1,000.00, as provided under Cal. Civ. Code §1788.30(b).

WHEREFORE, Plaintiffs, LAURA FOULK AND JAMES FOULK, respectfully requests this Honorable Court enter judgment in his favor as follows:

   a. Declare the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiffs actual damages, pursuant to Cal. Civ. Code §1788.30(a);

   c. Award each Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code §1788.30(b);

   d. Award Plaintiffs costs and reasonable attorneys' fees as provided pursuant to Cal. Civ. Code §1788.30(c); and

   e. Award any other relief as the Honorable Court deems just and proper.

## CLASS ALLEGATIONS

58. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of California from whom Defendants attempted to collect a delinquent time-barred Pacific Monarch Resorts, Inc. debt, by sending invoices similar to the invoices sent to Plaintiffs, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' practice of sending invoices in attempts to collect debts that were beyond the California Statute of Limitations, violates the FDCPA and the RFDCPA and asks the Court award damages as authorized by §1692k(a)(1) and (2) of the FDCPA.

59. Defendants, individually and/or collectively, regularly engage in debt collection on debts, which are beyond the statute of limitations by sending consumers invoices similar to those at issue here.

60. The Class consists o more than 35 persons from whom Defendants, individually and/or collectively, attempted to collect delinquent consumer debts by sending invoices on time-barred debts.

61. Plaintiffs claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

62. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and

a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

63.  Plaintiffs will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

WHEREFORE, Plaintiffs, LAURA FOULK AND JAMES FOULK, individually and on behalf of all others similarly situated prays that this Court:

a. Certify this action as a class action;

b. Appoint Plaintiffs as Class Representatives of the Class, and their attorneys as Class Counsel;

c. Find the Defendants' collection practices violate the FDCPA;

d. Enter judgment in favor of Plaintiffs and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k of the FDCPA; and

e.  Award any other relief as the Honorable Court deems just and proper.

Dated: September 14, 2020

Respectfully submitted,

By: _____

WAJDA LAW GROUP, APC

Nicholas M. Wajda (State Bar No. 259178)

6167 Bristol Parkway

Suite 200

Culver City, California 90230

Telephone: 310-997-0471

Facsimile: 866-286-8433

Email: nick@wajdalawgroup.com

10.